

**MCPHERSON LLP**
ATTORNEYS AT LAW

**GABRIEL HENRIQUEZ**
E-MAIL: ghenriquez@mcpherson-llp.com
* Also Admitted in New York

1900 AVENUE OF THE STARS
25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 553-8833
FAX: (310) 553-9233

75-5751 KUAKINI HWY
SUITE 208
KAILUA KONA, HAWAII 96740-1753

www.mcpherson-llp.com

July 8, 2025

**VIA ECF**

Hon. John P. Cronan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

>   Re:   **Down To Earth Organics, LLC v. Travis Scott, et al.**
>         **U.S.D.C., E.D.N.Y. Case No. 24-cv-6615 (JPC)**
>         **Our File No. 1100-17**

Your Honor:

      Our office represents Defendants Jacques Bermon Webster II p/k/a Travis Scott, Cactus Jack Publishing, LLC, and LaFlame Enterprises, Inc. ("LaFlame") (collectively, "Defendants") in this matter. Pursuant to the Court's Individual Civil Rule 4 and the Protective Order (ECF 23) entered into by and between Plaintiff Down To Earth Organics, LLC ("Plaintiff") and Defendants, Defendants respectfully request permission to file a certain exhibit to its forthcoming Motion for Summary Judgment and Opposition to Plaintiff's Motion to Amend the Complaint, under seal, and to file other certain exhibits in redacted form. Specifically, Defendants wish to seal a Licensing Of Trademark And Merchandising Rights Agreement ("Agreement") entered into with third-party Bravado International Group, Inc. ("Bravado") and LaFlame, and file in redacted form royalty statements issued by Bravado to LaFlame pursuant to that Agreement. Defendants also request leave for Plaintiff to file the same Agreement under seal in support of its Motion For Leave To Amend the operative complaint.

**I.**     **Standard**

      Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent, or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. See, e.g., In re Gen. Motors LLC Ignition Switch Litig., 2015 U.S. Dist. LEXIS 106170, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Hon. John P. Cronan
July 8, 2025
Page 2

---

In particular, a party's interest in preserving sensitive business operations is an example of the type of confidential information that merits sealing. See, e.g., In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)); Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (concluding that district court abused its discretion by denying request to seal confidential financial information). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d 120; see, e.g., Fairstein v. Netflix, Inc., 2023 U.S. Dist. LEXIS 168556, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations").

To this end, courts grant motions to seal documents that implicate "personal privacy interests, public safety, the preservation of attorney-client privilege, **and the protection of competitively sensitive business information**." In re Lifetrade Litig., 2023 WL 6211958, at *2 (S.D.N.Y. Sept. 25, 2023); see also Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A., 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (finding as sufficient to defeat presumption favoring disclosure those documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage."); Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II. Materials To Be Sealed

Certain exhibits in support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion to Amend its Complaint contain commercially sensitive and confidential information about LaFlame's business and operations, which has been properly designated as confidential pursuant to the Protective Order. Any disclosure of these documents may cause harm to LaFlame (and Bravado) by releasing this sensitive data to competitors and generally sharing Defendants' private confidential commercial information.

Accordingly, Defendants respectfully request that the Court grant its request to file under seal the following document that has been designated confidential under the Protective Order: License Of Trademark and Merchandising Rights Agreement (SCOTT 000447 - 000487) ("Agreement"). Moreover, Defendants request that the following documents be filed in their redacted form: the royalty statements issued by Bravado to LaFlame (SCOTT 000091 - 000425), attached as Exhibits B - F of the Declaration of Lauren Cooper in Support of Defendants Motion for Summary Judgment. The redacted information deals with protectable sales data for merchandise that is not related to the dispute between the parties.

Additionally, Defendants request that the Court permit Plaintiff to file the same Agreement under seal in support of its Motion to Amend the Complaint.

Hon. John P. Cronan
July 8, 2025
Page 3

---

      Defendants' request is narrowly tailored to protect its interests and the interests of third parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate the Motion.

      We attempted to meet and confer with Plaintiff's counsel on the subject of this letter motion, but were unable to reach him via e-mail or telephonically.

Respectfully submitted,

GABRIEL HENRIQUEZ

EFM/sm

cc: Edwin F. McPherson, Esq.
     Joel R. Dichter, Esq. (Via ECF)

F:\Dropbox\WP9-DOCS\PLEADING\SCOTT (adv. Down To Earth)\-24.LETTER MOTION TO SEAL.wpd

---

The request is granted. The parties may file under seal the Agreement and the royalty statements identified herein. The Court finds under *Lugosch* that the privacy interest in competitively sensitive business information outweighs the value of public disclosure. Moreover, the proposed redactions are narrowly tailored to protect those interests. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17 Civ. 6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

SO ORDERED
July 9, 2025
New York, New York

JOHN P. CRONAN
United States District Judge