UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DOWN TO EARTH ORGANICS, LLC,                                            :
:
                    Plaintiff,                       :
:
            -v-                                    :       24 Civ. 6615 (JPC)
:
TRAVIS SCOTT a/k/a/ JACUES BERMAN WEBSTER                               :        ORDER
II, *et al.*,                                                           :
:
                    Defendants.                      :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On September 2, 2024, Plaintiff Down to Earth Organics, LLC initiated this action by filing a Complaint against Defendants Travis Scott a/k/a Jacques Berman Webster II, Cactus Jack Publishing, LLC, and LaFlame Enterprises, Inc. (collectively "Defendants"), as well as "John Does 1-10 inclusive." Dkt. 1. On December 3, 2024, Defendants filed an Answer. Dkt. 13. After the parties conducted discovery, Plaintiff filed a motion to amend the Complaint on June 30, 2025, Dkt. 38, Defendants filed a motion for summary judgment on July 9, 2025, Dkt. 46, and Plaintiff filed a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2) on August 27, 2025, Dkt. 57. Those three motions are pending.

       While Plaintiff's motion for voluntary dismissal makes various arguments that read like an opposition to summary judgment, *see generally* Dkt. 57-1 (Memorandum of Law), the relief Plaintiff's seeks is clear and unambiguous: "an order to dismiss the Complaint pursuant to FRCP 41(a)(2)," Dkt. 57 (Notice of Motion) at 1. Plaintiff also filed a proposed judgment which, in relevant part, provides that the action "be, and hereby is, dismissed *with prejudice* in its entirely as to all parties." Dkt. 57-2 (emphasis added). For the reasons explained below, the Court grants Plaintiff's motion and dismisses this action with prejudice. *See Youssef v. Tishman Const. Corp.*,

744 F.3d 821, 824 (2d Cir. 2014) (interpreting the terms of a plaintiff's proposed voluntary dismissal "solely [based] on [a] reading of the written words of the stipulation").[1]

As relevant here, Rule 41(a)(2) provides that, after an opposing party serves an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "In exercising its discretion under Rule 41(a)(2), the trial court will consider the expense and inconvenience to the defendant and will deny the motion if the defendant will be prejudiced seriously by a dismissal." *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 17 (E.D.N.Y. 1996) (internal quotation marks omitted). Because any dismissal with prejudice precludes re-litigation, where "the dismissal will be with prejudice, there can be no adverse effect on defendants." *SEC v. Am. Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990). Therefore, "[i]f the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request." *Horton*, 169 F.R.D. at 18 (internal quotation marks omitted); *see also Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964) ("No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice.").

In opposing voluntary dismissal with prejudice, Defendants do not confront the aforementioned caselaw. Rather, Defendants primarily express concern that, if this action is dismissed with prejudice, Plaintiff will be able to commence a new suit against another entity, Bravado International Group Merchandising Services, Inc., which might then implead Defendants in that subsequent action. Dkt. 59 at 2, 5. The problem with this argument is that such a scenario would be equally possible if the Court were to deny Plaintiff's motion to voluntarily dismiss and

---

[1] Because the Court grants Plaintiff's motion to voluntarily dismiss, it need not resolve Plaintiff's motion to amend the Complaint or Defendants' motion for summary judgment.

later proceed to enter judgment in Defendants' favor, such as by granting their motion for summary judgment. *See Wainwright Sec. Inc. v. Wall St. Transcript Corp.*, 80 F.R.D. 103, 105 (S.D.N.Y. 1978) ("[A] dismissal with prejudice has the effect of a final adjudication on the merits favorable to the defendant."). Defendants are not entitled to "more relief than [they] could obtain should [the Court] compel the [case] to proceed and ultimately render judgment dismissing the complaint." *Ferrato v. Castro*, 888 F. Supp. 33, 34 (S.D.N.Y. 1995) (granting a motion to voluntarily dismiss with prejudice even though the "[d]efendant object[ed] to the dismissal sought by plaintiff inasmuch as it would fail to insulate her from future lawsuits by plaintiff's licensees or assignees").

Accordingly, Defendants will not be prejudiced by the Court granting Plaintiff's motion to dismiss this case with prejudice. The Court therefore grants Plaintiff's motion under Rule 41(a)(2) and dismisses Plaintiff's Complaint with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated: November 6, 2025
New York, New York

JOHN P. CRONAN
United States District Judge